UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>                                          Plaintiff,<br>     v.<br>FIBER RESEARCH INTERNATIONAL, LLC, et al.,<br>                                          Defendants. | Case No. 2:16-cv-00061-JAD-PAL<br><br>**ORDER**<br><br>(App. OSC – Dkt. #1)<br>(Mot. Strike – Dkt. #4) |

       This matter is before the Court on Plaintiff/Counter-Defendant Obesity Research Institute, LLC's Application for Issuance of an Order to Show Cause why Rieu Shimizu Should Not be Held in Contempt and Sanctioned (Dkt. #1) (the "Application"), filed January 12, 2016. Also before the Court is Defendant/Counter-Claimant Fiber Research International, LLC's Motion to Strike (Dkt. #4), filed January 29, 2016. This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9 of the Local Rules of Practice.

**I.    BACKGROUND**

       This action arises out of a subpoena issued by the United States District Court, Southern District of California, in a pending case before that court involving the same parties: *Obesity Research Institute, LLC. v. Fiber Research International, LLC*, Case No. 3:15-cv-00595-BAS-MDD (the "underlying action"). The underlying action alleges violations of the Trademark Act of 1946 commonly known as the Lanham Act, 15 U.S.C. §§ 1051–1141, and related causes of action. Obesity Research Institute, LLC ("ORI") is seeking a declaratory judgment that it has "no liability to Fiber Research International, LLC ("Fiber Research") for any violation of the Lanham Act or the Federal Food, Drug, and Cosmetic Act related to the sales of its dietary supplement product Lipozene®." ORI's Application (Dkt. #1) at 2. Fiber Research's

1  Counterclaim alleges "false advertising and unfair competition arising out of ORI's marketing
2  and sale of its product, Lipozene®." *Id*. at 2–3.  FRI claims it "has the 'exclusive' right to sell
3  Propol®, which is a branded glucomannan product manufactured by Shimizu Chemical
4  Corporation of Japan" ("Shimizu Chemical").  *Id*. (citing Countercl. ¶ 74).  Shimizu Chemical is
5  not a party to the underlying action.  However, FRI alleges it is the assignee of Shimizu
6  Chemical's "legal rights of action in the United States for any damages incurred by Shimizu
7  [Chemical] by virtue of any unlawful selling or marketing of products in unfair or unlawful
8  competition with Propol." *Id*. ¶ 29.

9  In its initial disclosures, Fiber Research listed two individuals, John Alkire and Ryusuke
10 Shimizu,[1] as witnesses having knowledge of Propol's proprietary nature, "its formulation,
11 efficacy, and substantiation," and how Shimizu Chemical has assigned all rights regarding
12 Propol to Fiber Research.  *Id*., Ex. H, FRI's Initial Disclosures.  Fiber Research's initial
13 disclosure lists California attorney, Jack Fitzgerald as the contact for Mr. Shimizu.

14 On October 6, 2015, a subpoena was issued to Mr. Shimizu in the underlying action. *Id*.
15 at 4, Ex. A, Subpoena.  Mr. Shimizu was personally served on October 7, 2015 at the Mandalay
16 Bay Hotel in Las Vegas, Nevada while he attended "Supply Side West," which "is billed as the
17 biggest trade show in the dietary supplement, food, beverage, animal nutrition, personal care,
18 cosmetic, pharmaceutical, packaging and sports nutrition industry." *Id*. at 4–5, *see also* Exs. B,
19 J–K.  According to ORI, the subpoena was served in Las Vegas because Mr. Shimizu regularly
20 transacts business here.  *Id*. at 5, Ex. J, Decl. of Henny Den Uijl.  The subpoena was also served
21 on Fiber Research's counsel and Mr. Shimizu's contact, Jack Fitzgerald.  *Id*., Ex. L, Certificate
22 of Service.  The subpoena sought Mr. Shimizu's testimony and production of documents on

---

[1] The Application lists Mr. Shimizu's first name as "Rieu," while FRI's initial disclosure provide the name "Ryusuke Shimizu" as one of two individuals likely to have discoverable information. *Compare* Application (Dkt. #1) at 1 *with Id*. at Ex. H, FRI's Initial Disclosures.  The subpoena was issued to "Mr. Shimizu." *See id*. at Ex. A.  The Declaration of Henny Den Uijl, a manager for ORI, indicates that Rieu Shimizu was the subject of the subpoena. *Id*. at Ex. J.  A November 13, 2015 email from Jack Fitzgerald, Esq., who is listed as the contact for Ryusuke in FRI's initial disclosure, appears to communicate with ORI's counsel on behalf of Rieu.  The declaration of Sean Flaherty states "Rieu" is a shortened version of his name. *See id.* at Ex C, ¶ 4.

2

various particularized categories of information, including the purported assignment agreement, and required Mr. Shimizu to appear for deposition on November 9, 2015, in Las Vegas, Nevada. *Id*. at 5, Ex. A.

Correspondence between the parties to the underlying action indicates that Mr. Fitzgerald was attempting to procure Mr. Shimizu's commitment to sit for a deposition in the United States. *See id*., Ex. N, Nov. 3–4, 2015 Emails.  He stated that the November 9th deposition would not proceed, but he would provide proposed dates, assuming Mr. Shimizu agreed to be deposed in the United States.  Mr. Fitzgerald also asserted that the subpoena was not valid and, if Mr. Shimizu were to appear for a deposition, it would be "voluntary, at a mutually convenient date, at a location of his convenience and choosing, and at ORI's expense." *Id*.  Counsel for ORI stated that he was willing to discuss a proposed alternative date, "but in the meantime that subpoena is operative and we have every intention of proceeding.  Shimizu has the option of moving for a protective order, or being subject to contempt in case of non-compliance." *Id*.  The parties reached an impasse.

Mr. Shimizu failed to appear at the deposition and produce the requested documents on November 9th.  ORI made a record of non-appearance for Mr. Shimizu's deposition. *Id*., Ex. O, Certificate of Non-appearance.  Fiber Research also failed to appear. *Id*. at 5.  Several days later Mr. Fitzgerald informed ORI's counsel that Rieu Shimizu "has agreed to make himself available for deposition in Japan at a mutually-agreeable time and date." *Id*., Ex. R, Nov. 13, 2015 Email. In December 2015, ORI's counsel attempted to meet and confer with Mr. Shimizu and Fiber Research's counsel regarding the failure to comply with the subpoena for deposition and production of documents in Nevada. *Id*. at 6, Ex. C, Flaherty Decl., ¶¶ 15–20; Exs. P–Q. However, ORI received no response from Mr. Shimizu or any other individual representing Shimizu Chemical. *Id*., Flaherty Decl., ¶ 20.

In its Application in this district, ORI argues it "should not be forced to bear the burden of foreign travel to obtain evidence from a key witness, when the witness was served with a valid subpoena and enforcement can be had in the United States." *Id*. at 6.  ORI asserts it should not be forced to depose Mr. Shimizu in Japan because Shimizu Chemical "purportedly chose to

3

1 assign its rights to bring legal claims in the United States to a company in the United States" and
2 because Fiber Research's initial disclosure listed its counsel as the contact for Mr. Shimizu.
3 Given the critical nature of Mr. Shimizu's testimony and the documents requested to the issues in
4 the underlying case, ORI asserts that the subpoena must be enforced under Rule 45 and contempt
5 sanctions are warranted. ORI requests that this Court transfer the Application to the Southern
6 District of California where the underlying action is pending, as that Court is familiar with the
7 issues involved in the litigation and has been actively managing the case. If this Court is not
8 inclined to transfer the Application it should compel Mr. Shimizu to comply with the subpoena
9 and issue sanctions against him.

10 Fiber Research filed a Motion (Dkt. #4) asking the Court to strike and dismiss this action
11 with prejudice pursuant to Rules 12(b)(1), (2), (4), (5), and (6) of the Federal Rules of Civil
12 Procedure and LR 5.1(b) of the Local Rules of Civil Practice because it was listed as a Defendant
13 in the caption of the Application. Fiber Research argues this Court lacks subject-matter
14 jurisdiction over the action and personal jurisdiction over FRI, because plaintiff ORI failed to
15 serve Fiber Research with process. Additionally, Fiber Research claims, even if ORI serves
16 Fiber Research, this Court cannot provide a remedy because ORI "seeks a contempt finding and
17 sanctions against a third party, Rieu Shimizu," rather than Fiber Research. Thus, ORI fails to
18 state a claim under Rule 12(b)(6). Fiber Research did not address the merits of the Application,
19 or take a position with respect to whether the Application should be transferred to the Sothern
20 District of California for decision.

21 **II. TRANSFER OF SUBPOENA RELATED MOTION UNDER RULE 45(F)**

22 Rule 45(f) gives this court discretion to transfer subpoena-related motions to the issuing
23 court. *See* Fed. R. Civ. P. 45(f) ("When the court where compliance is required did not issue the
24 subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the
25 subpoena consents or if the court finds exceptional circumstances." *see also Moon Mountain*
26 *Farms, LLC v. Rural Community Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014). Whether
27 "exceptional circumstances" exist for a transfer turns on the particular facts of each case. *Id*. at
28 428. The court considering the transfer motion should not assume that the issuing court is in a

better position to resolve subpoena-related motions. *In re UBS Fin. Servs., Inc. of Puerto Rico Sec. Litig.*, 113 F. Supp. 3d 286 (D.D.C. 2015). The party seeking a Rule 45(f) transfer bears the burden of showing that exceptional circumstances are present. Fed. R. Civ. P. 45 Advisory Comm. Notes (2013); *see also Music Grp. Macao Commercial Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 984 (N.D. Cal. 2015).

Although a prime concern is to avoid burdens on local nonparties subject to subpoenas, the nonparty's interest in obtaining local resolution of the motion "must be balanced with the interests in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court." *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014) (internal alterations and quotations omitted). Rule 45 itself does not expound on what constitutes "exceptional circumstances;" however, the Advisory Committee Notes state that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts," so long as those interests outweigh the interests of the subpoenaed party in obtaining local resolution of the motion. *Moon Mountain*, 301 F.R.D. at 428 (quoting Fed. R. Civ. P. 45(f) Advisory Committee Notes (2013)). The Advisory Committee Notes do not provide an exhaustive list of all circumstances in which transfer is appropriate under Rule 45(f), but instead formulate a balancing test. On one hand, the court considers the burden on the party responding to the subpoena in the event of a transfer, and on the other hand, the court considers factors such as judicial economy, docket management, and the risk of inconsistent rulings. *Id*.

**III.  TRANSFER OF ORI'S APPLICATION (DKT. #1)**

The Court finds exceptional circumstances warrant transfer of the Application to the Southern District of California. Mr. Shimizu resides in Japan and Shimizu Chemical is based in Japan. Shimizu Chemical is alleged to have assigned its interests to the product at issue to Fiber Research, which has retained counsel in San Diego, California, and is defending and pursuing a counterclaim in the underlying litigation in the Southern District of California. The subpoena was served in this district for a deposition to take place in Las Vegas because ORI believed Mr.

Shimizu would be attending a trade show in Las Vegas. Rule 45(c)(1) provides that a subpoena may command a person to attend a deposition within 100 miles "of where the person resides, is employed, or regularly conducts business." The Application does not claim that Mr. Shimizu resides or is employed within 100 miles of Las Vegas. At most, a declaration supporting the Application states, in conclusory fashion, that he "regularly transacts business" in Las Vegas. This conclusory statement, and the fact that Mr. Shimizu attended a trade show in Las Vegas in October 2015 is insufficient to support a finding Mr. Shimizu regularly transacts business here.

The judges assigned to the underlying action in the issuing district have jurisdiction over the party issuing the subpoena and the party claiming this witness supports its counterclaim and assigned rights to pursue the counterclaim. The Southern District of California is therefore in the best position to address the merits of whether Mr. Shimizu may or may not be compelled to appear and testify in the United States.

The subpoena was served October 7, 2015, to attempt to compel Mr. Shimizu to appear at the Las Vegas law offices of counsel for ORI to produce documents and provide testimony on November 9, 2015. The court has serious reservations about whether such a subpoena is enforceable on a Japanese resident attending a trade show. Transferring the Application to the issuing court will not impose any additional burden on Mr. Shimizu where Fiber Research and its counsel are defending ORI's claims and prosecuting a counterclaim based on Mr. Shimizu's asserted assignment of rights to the product at issue, and right to sue on Shimizu Chemical's behalf.

Additionally, case management issues weigh heavily in favor of transfer. The judges assigned to the underlying action are familiar with the case and discovery issues involving Mr. Shimizu, the assignment, and the representations made by Fiber Research regarding Mr. Shimizu knowledge of discoverable information. The Southern District of California is in the best position to decide whether Fiber Research "controls" Mr. Shimizu such that he can be compelled to appear and give testimony in this case, either in the United States or Japan. Judge Dembin has been actively involved in discovery and case management issues in this case and has addressed Mr. Shimizu's deposition in at least one hearing. A transfer of the Application will minimize

any risk of inconsistent discovery rulings and promote judicial economy. The Court presiding over the underlying action is in the best position to assess the merits of the dispute, weigh the proportionality issues concerning the discovery sought and address the consequences of Mr. Shimizu's compliance or failure to comply with discovery sought from him. The Court will therefore transfer the Application to the Southern District of California.

Finally, Fiber Research filed a motion to strike and dismiss instead of a response addressing the merits of ORI's Application. It is clear that ORI filed this action merely to enforce the subpoena, and listed Fiber Research in the case caption because it is the Defendant in the underlying action where Mr. Shimizu's testimony and documents are sought. The Application does not constitute a complaint against Fiber Research or seek any relief from it.

For the reasons stated,

**IT IS ORDERED:**

1. The Application for Issuance of an Order to Show Cause (Dkt. #1) is GRANTED insofar as it requests transfer to the Southern District of California in the pending matter of *Obesity Research Institute, LLC. v. Fiber Research International, LLC*, Case No. 3:15-cv-00595-BAS-MDD.

2. The Clerk of Court shall transfer the Application to the Southern District of California and close the file in this district.

3. Fiber Research International, LLC's Motion to Strike or Dismiss (Dkt. #4) is GRANTED to the limited extent the court will not construe the Application as a complaint against Fiber Research and will not treat Fiber Research as a Defendant.

Dated this 11th day of February, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE